b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

PROGRESSIVE PALOVERDE                CIVIL DOCKET NO. 1:25-CV-00360
INSURANCE CO,
Plaintiff

VERSUS                                          JUDGE DRELL

N T P NAIL SALON L L C ET AL,        MAGISTRATE JUDGE PEREZ-MONTES
Defendants

_____

REPORT AND RECOMMENDATION

Before the Court is a Rule 12(b)(6) Motion to Dismiss filed by Defendant Quan Quoc ('Quoc'). ECF No. 14. Plaintiff Progressive Paloverde Insurance Co. ('Progressive') filed an opposition. ECF No. 18. Quoc has not filed a reply, but the deadline for doing so has passed. ECF No. 17.

Because Progressive's Complaint states a claim upon which relief can be granted, IT IS RECOMMENDED that Quoc's Rule 12(b)(6) Motion to Dismiss (ECF No. 14) be DENIED.

I.      Background

Progressive filed a Complaint for Declaratory Judgment ('Complaint') against NTP Nail Salon, LLC ('NTP'), Tai Tran ('Tai'), Nhon Nguyen, Phuong Nguyen, and Quoc. ECF No. 1. Progressive insured NTP under Policy No. PGR973011549 (the 'Policy'). *Id.* ¶ 10. The Policy was in effect from November 8, 2023, to November 8, 2024. *Id.* On September 13, 2024, Jimmy Nguyen entered NTP and shot Tien Tran,

Tai, and Tai Ngoc Nguyen. *Id.* ¶ 6. On October 31, 2024, an attorney retained by Quoc, "the purported brother of Tai Ngoc Nguyen," sent a letter to Progressive. *Id.* ¶ 7. Progressive anticipates multiple claims will be brought against it, and it consequently "seeks a declaration and judgment that under the Policy . . . , Progressive has neither a duty to defend nor a duty to indemnify any party with respect to any claim that may be brought" because of the shooting. *Id.* ¶¶ 8-9.

Quoc subsequently filed this Rule 12(b)(6) Motion to Dismiss. ECF No. 14. Quoc argues the Complaint fails to state a claim upon which relief can be granted because (1) Progressive "fails to acknowledge" that "[u]nder Louisiana law, the duty to defend is broader than the duty to indemnify[;]" (2) the exclusion relied upon by Progressive does not bar all potentially covered claims; and (3) Progressive "fails to allege specific facts demonstrating an actual controversy with [] Quoc." *Id.* at 1-2. Progressive responds that (1) it owes no duty to defend or indemnify because coverage is barred by an exclusion to the policy; (2) its Complaint is not deficient despite the "legal precept" that "policy exclusions are to be narrowly construed against insurers[;]" and (3) a live dispute exists because its Complaint is based on its receipt of a Letter of Representation, and Quoc has sued Progressive. ECF No. 18 at 2-3.

II.     Law and Analysis

        A. Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to seek dismissal of a complaint if it fails to state a claim upon which relief can be granted. A complaint should not be dismissed "if it contains 'sufficient factual matter, accepted

2

as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court does not evaluate a plaintiff's likelihood for success but instead determines whether a plaintiff has pleaded a legally cognizable claim. *See Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014). Factual allegations need not be detailed but must "raise a right to relief above the speculative level." *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020). In deciding a motion to dismiss, a court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Id.* However, a court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)).

As explained above, Quoc argues Progressive's Complaint fails to state a claim because Progressive did not demonstrate: "(1) a basis to negate the broad duty to defend recognized under Louisiana law, (2) that policy exclusions necessarily bar all potentially covered claims, [and] (3) the existence of a ripe and actual controversy with [Quoc]." ECF No. 16 at 1.

### B. Duty to Defend and Policy Exclusions

The Court considers Quoc's Policy-related arguments together. First, Quoc argues "an insurer must defend its insured against any suit that even potentially falls within policy coverage, regardless of the merits of the claim."[1]  ECF No. 16 at 2.

---

[1] Quoc cites a non-existent Eastern District of Louisiana case for this proposition. In future filings, Quoc should ensure his citations are accurate.

Therefore, he maintains that Progressive's Complaint fails to state a claim upon which relief can be granted because Progressive does not acknowledge this duty and instead "offers only conclusory assertions that it owes no duty to defend, without addressing whether any hypothetical claims could fall within coverage." *Id.* Second, Quoc argues "Louisiana courts strictly construe exclusions against insurers and in favor of coverage." ECF No. 16 at 2. Therefore, he maintains that Progressive's Complaint fails to state a claim upon which relief can be granted because "[c]laims arising from negligent hiring, supervision, or failure to secure premises may still be covered despite an assault or battery exclusion." *Id.*

In response, Progressive recognizes both that it owes a broad duty to defend and that policy exclusions are to be narrowly construed against it. ECF No. 18 at 2. Nevertheless, Progressive argues dismissal is not warranted because it seeks "a declaration that certain exclusions . . . negat[e] any duties it may owe to provide a defense or indemnity." *Id.* Quoc's argument is meritless.

To begin, under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Lab. Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016).

"It is well established in Louisiana that an insurer's duty to defend is generally broader than an insurer's liability for damage claims." *Allied Tr. Ins. Co. v. Donelon*,

4

No. 21-CV-494, 2022 WL 834643, at *1 (E.D. La. Mar. 21, 2022).  But it also "well recognized in Louisiana jurisprudence that when an exclusion is applicable as a matter of law (i.e., no coverage), the insurer owes no duty to defend . . . its insured." *New Hampshire Ins. Co. v. Barrett*, No. 01-CV-2929, 2002 WL 1308585, at *3 (E.D. La. June 12, 2002).  "[E]quivocal provisions seeking to narrow an insurer's obligation are strictly construed against the insurer."  *Carrier v. Reliance Ins. Co.*, 759 So. 2d 37, 43 (La. 4/11/00).

Here, Progressive cites several provisions it alleges bar, exclude, and/or limit coverage.  ECF No. 1 ¶ 11-16.  Because Quoc focuses primarily on the "ASSAULT OR BATTERY EXCLUSION" (hereafter, "Exclusion" or "assault or battery exclusion"), the Court limits its analysis to this Exclusion.  *See* ECF No. 16 at 2.  The Exclusion provides;

> This insurance does not apply to . . . "Bodily injury" . . . arising from "assault" or "battery" or other similar violent act, any act or omission in connection with the prevention or suppression of the "assault" or "battery" or other similar violent act, or failure to act in the prevention or suppression of "assault" or "battery" or other similar violent act.

ECF No. 1 ¶ 16.  Notably, the Exclusion "applies even if the claims against any insured allege negligence or other wrong doing in the supervision, hiring, employment, training or monitoring of others by that insured," and "also applies whether the insured may be liable as an employer or in any other capacity . . . ." *Id.*

As mentioned above, Quoc argues "[c]laims arising from negligent hiring, supervision, or failure to secure premises may still be covered despite an assault or battery exclusion."  ECF No. 16 at 2.  However, the Exclusion specifically excludes negligent supervision and hiring.  ECF No. 1 ¶ 16.  The Exclusion likewise excludes

bodily injury claims related to any act or omission in connection with the prevention of the act. *Id.* While exclusions are to be strictly construed against the insurer, the Policy as set forth in the Complaint does not indicate any such ambiguity exists. Nor has Quoc directed the Court to any existing ambiguity. Thus, the identified potential claims appear to be excluded by the Policy.

To the extent Quoc generally argues Progressive's Complaint fails to address "any hypothetical claims [that] could fall within coverage," ECF No. 16 at 2, that failure does not render Progressive's Complaint deficient. Progressive need not address every conceivable hypothetical claim. It need only address those claims that may be raised by the named defendants against it. At this juncture, Progressive's Complaint adequately alleges that Policy exclusions—such as the assault and battery exclusion—bar coverage of claims brought by the named defendants, and it accordingly owes no duty to defend or indemnify. Certainly, Quoc may later be able to assert that his claims are, in fact, not barred by the relevant exclusions, or facts may arise that suggest coverage is not barred. But at this juncture Progressive's Complaint is sufficient to survive a Rule 12(b)(6) motion to dismiss.

### C. Declaratory Judgment Act

Finally, Quoc argues the Declaratory Judgment Act "requires an actual, ripe controversy between the parties." ECF No. 16 at 2. Therefore, he maintains that Progressive's Complaint fails to state a claim upon which relief can be granted because "Progressive alleges no facts showing that [] Quoc has filed a claim or lawsuit against Progressive or its insured." *Id.* Progressive argues the Letter of

Representation it received from Quoc's attorney "constitutes notice of a claim . . . ."

ECF No. 18 at 2. Progressive additionally argues Quoc "has sued Progressive for the

same claim arising out of the death of his brother" in a different suit filed in this

Court. *Id.* at 2-3. Ultimately, the Court finds this argument for dismissal is

meritless.

The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

The Declaratory Judgment Act is an enabling act that confers discretion on the

courts rather than an absolute right on a litigant. *See Wilton v. Seven Falls Co.*, 515

U.S. 277, 287 (1995); *In re Complaint of River City Towing Servs., Inc.*, 199 F. Supp.

2d 495, 499 (E.D. La. 2002). The purpose of the Declaratory Judgment Act is "to

afford one threatened with liability an early adjudication without waiting until his

adversary should see fit to begin an action after the damage has accrued." *Rowan*

*Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (quoting *Gov't Emp. Ins.*

*Co. v. LeBleu*, 272 F. Supp. 421, 427 (E.D. La. 1967)). "The Declaratory Judgment

Act was also intended to provide a mechanism for resolving a justiciable controversy

before it evolves into a violation of the civil or criminal law or a breach of a contractual

duty." *In re Complaint of River City Towing Services, Inc.*, 199 F. Supp. 2d at 499.

A district court must engage in a three-step inquiry to determine whether to dismiss a complaint for declaratory relief. *See Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). "First, the court must determine whether the declaratory action is justiciable," which typically "becomes a question of whether an 'actual controversy' exists between the parties to the action." *Id.* (citing *Rowan Companies, Inc.*, 876 F.2d at 27-28). If the Court has jurisdiction, it then decides "whether it has the 'authority' to grant declaratory relief in the case presented." *See Orix Credit All., Inc.*, 212 F.3d at 895 (citing *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir.1993)). Finally, at step three, the Court must "determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Orix Credit All., Inc.*, 212 F.3d at 895.

Progressive's Complaint satisfies these three requirements.[2] "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests.'" *Orix Credit All., Inc.*, 212 F.3d at 896 (brackets original) (quoting *Middle S. Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)). "Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis." *Orix Credit All., Inc.*, 212 F.3d at 896. "The threat of litigation, if specific and concrete, can [] establish a controversy upon which declaratory judgment can be based." *Id.* at 897.

---

[2] Quoc does not address the second and third requirements in his Rule 12(b)(6) motion. Because such requirements go directly towards this Court's discretion to retain a declaratory judgment action, the Court considers them *sua sponte*.

Such is the case here.  Progressive received a Letter of Representation[3] from Quoc's attorney indicating a firm had been "retained by Quan Quoc Ho on behalf of his deceased brother Tai Ngoc Nguyen for representation regarding the homicide which occurred on September 13, 2024, when Tai Ngoc Nguyen was murdered at your insured's business . . . ."  ECF No. 18-1 at 1.  And, indeed, thereafter, Quoc sued Progressive.[4]  *See* Notice of Removal, *Ho et al v. Ngan et al*, No. 1:25-cv-00807 (W.D.L.A. June 9, 2025), ECF No. 1-1.  Plainly, then, "a substantial controversy of sufficient immediacy and reality" exists between Quoc and Progressive.  *Orix Credit All., Inc.*, 212 F.3d at 896 (quotation omitted).  Further, the remaining questions before the Court appear to be "purely legal ones," *id.* at 895, related to the interpretation of the Policy.

Next, this Court has authority to grant declaratory relief.  In general, a district court does not have authority to grant declaratory relief when "1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, and 3) the district court is prohibited from enjoining the state proceedings under

---

[3] The Court may properly consider "documents incorporated into the complaint by reference" when reviewing a motion to dismiss.  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted).  The Letter of Representation was specifically referenced in the Complaint.  *See* ECF No. 1 ¶ 8.  Therefore, the Court may consider it.

[4] In reviewing a Rule 12(b)(6) motion to dismiss, the Court "may consider matters of which judicial notice may be taken [such as] . . . items in the record of the case, related cases, and matters of public record . . . ."  *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 759 F. Supp. 2d 822, 828 (E.D. La. 2010).  The filing of this state court petition (and its subsequent removal) are facts "generally known within the trial court's territorial jurisdiction" and can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Therefore, the Court takes judicial notice of Quoc's suit against Progressive for purposes of deciding this Rule 12(b)(6) motion.

the Anti-Injunction Act." *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n, Inc.,* 996 F.2d 774, 776 (5th Cir. 1993). Here, no state action is pending between these parties.[5] Therefore, the second requirement is satisfied. *See Freese & Goss, PLLC v. Bossier,* No. 17-CV-360, 2017 WL 7596890, at *3 (N.D. Tex. May 23, 2017) ("[T]his Court is not prohibited from enjoining any state proceeding because the parallel action in question has been removed to federal court."), *report and recommendation adopted,* No. 17-CV-360, 2017 WL 3574665 (N.D. Tex. Aug. 18, 2017).

Finally, the Court should exercise its broad discretion to decide this declaratory judgment action. When determining whether to exercise discretion to decide or dismiss a declaratory judgment, the Court considers:

> 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, [] 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, . . . and [] [7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 590-91 (5th Cir. 1994).

These factors favor exercising discretion to grant declaratory relief. First, as far as this Court is aware, no state action involving these parties remains pending.

---

[5] Quoc's state action has been removed to this Court. A motion to remand is pending in that case. *See* Motion to Remand, *Ho et al v. Ngan et al,* No. 1:25-cv-00807 (W.D.L.A. June 9, 2025), ECF No. 9. If that motion to remand is later granted, the *Orix Credit Alliance, Inc.* factors may need to be revisited to determine whether the Court is still properly exercising its discretion to decide this matter.

Second, while Progressive specifically brought this action because it anticipated a lawsuit being filed against it by the named defendants, *see* ECF No. 1 ¶ 8-9, nothing in the record indicates Progressive is "using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 391 (5th Cir. 2003). Notably, "a declaratory action is an appropriate and recognized method of resolving an insurance coverage dispute." *Tudor Ins. Co. v. Ocotillo Real Est. Invs. I, LLC*, No. 14-CV-2689, 2015 WL 11120873, at *3 (N.D. Tex. Jan. 9, 2015).

Third, it does not appear that Progressive engaged in forum shopping. "Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Sherwin-Williams Co.*, 343 F.3d at 391. Fourth, the Court does not observe any possible inequities that would result by allowing Progressive "to gain precedence in time or to change forums . . . ." *St. Paul Ins. Co.*, 39 F.3d at 591. Fifth, the Court is not aware of any issues that would make this forum inconvenient for either the parties or witnesses. Sixth, retaining this lawsuit seems to serve the purposes of judicial economy in that it will avoid piecemeal litigation between the named defendants and Progressive. Finally, this case does not implicate a "state judicial decree involving the same parties" entered by a "court before whom the parallel state suit . . . is pending." *St. Paul Ins. Co.*, 39 F.3d at 591.

Because the Declaratory Judgment Act requirements are satisfied, this argument for dismissal is without merit.

III.   Conclusion

Because Progressive's Complaint states a claim upon which relief can be granted, IT IS RECOMMENDED that Quoc's Rule 12(b)(6) Motion to Dismiss (ECF No. 14) be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).   A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.   A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, February 25, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE